UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

John Lueck,

                Plaintiff,                Civil Action No. 6:09-cv-06174(T)

    -vs-

Progressive Insurance, Inc., Timothy Fritz,
Individually and In His Official Capacity,

                Defendants.
_____


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**


**BOND, SCHOENECK & KING PLLC**
Attorneys for Defendants
345 Woodcliff Drive, Suite 208
Fairport, New York 14450
Telephone: (585) 362-4700

1564497.2

## **TABLE OF CONTENTS**

Page No.

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    POINT I – BECAUSE PLAINTIFF HAS NOT ALLEGED MISCONDUCT
    SUFFICIENTLY SEVERE OR PERVASIVE TO CONSTITUTE AN
    ACTIONABLE HOSTILE WORK ENVIRONMENT, HIS TITLE VII AND
    HUMAN RIGHTS LAW CLAIMS SHOULD BE DISMISSED. ................................ 2

    POINT II – PLAINTIFF'S CLAIM PURSUANT TO 42 U.S.C. §1981 SHOULD
    BE DISMISSED BECAUSE PLAINTIFF DOES NOT ALLEGE
    DISCRIMINATION ON THE BASIS OF RACE OR COLOR ................................... 7

    POINT III – PLAINTIFF'S NEGLIGENCE AND NEGLIGENT INFLICTION
    OF EMOTIONAL DISTRESS CLAIMS SHOULD BE DISMISSED AS
    BARRED BY NEW YORK'S WORKERS' COMPENSATION LAW ....................... 7

CONCLUSION ........................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page**

**CASES**

Abidekun v. New York City Transit Auth.,
    1998 U.S. Dist. LEXIS 8290 (E.D.N.Y. 1998)..................................................................5

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002)..........................................................................................3, 4

Anderson v. Conboy,
    156 F.3d 167 (2d Cir. 1998)................................................................................................7

ATSI Communications, Inc. v. Shaar Fund, Ltd.,
    493 F.3d 87 (2d Cir. 2007)..................................................................................................1

Baer v. Sprint Long Distance,
    60 F. Supp.2d 209 (S.D.N.Y. 1999)....................................................................................5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 554, 127 S. Ct. 1955 (2007).................................................................................1

Choudhury v. Polytechnic Inst. of N.Y.,
    735 F.2d 38 (2d Cir. 1984)..................................................................................................7

Conopco, Inc. v. Roll Intern.,
    231 F.3d 82 (2d Cir. 2000)..................................................................................................2

Cortec Indus. Inc. v. Sum Holding L.P.,
    949 F.2d 42 (2d Cir. 1991)..................................................................................................2

Curtis v. Citibank N.A.,
    1999 U.S. Dist LEXIS 23047 (S.D.N.Y. 1999)...............................................................5, 6

DeAngelis v. El Paso Mun. Police Officers Ass'n,
    51 F.3d 591 (5th Cir. 1995) ..................................................................................................5

Fairbrother v. Morrison,
    412 F.3d 39 (2d Cir. 2005)..................................................................................................3

Faragher v. City of Boca Raton,
    524 U.S. 775, 118 S.Ct. 2275 (1998)..................................................................................5

Grandon v. Merrill Lynch & Co.,
    147 F.3d 184 (2d Cir. 1988)................................................................................................2

Harris v. Forklift Sys. Inc.,
    510 U.S. 17, 114 S. Ct. 367 (1993)..................................................................................3

Howley v. Town of Stratford,
    217 F.3d 141 (2d Cir. 2000)............................................................................................6

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,
    62 F.3d 69 (2d Cir. 1995) (per curiam)..........................................................................2

Kessler v. Westchester County Dep't of Soc. Servs.,
    461 F.3d 199 (2d Cir. 2006)............................................................................................3

Local 8A-28A Welfare & 401(k) Retirement Funds v. Golden Eagles Arch. Metal
    Cleaning & Refinishing,
    277 F. Supp.2d 291 (S.D.N.Y. 2003)..............................................................................2

Lopez v. S.B. Thomas, Inc.,
    831 F.2d 1184 (2d Cir. 1987)..........................................................................................5

Merhige-Murphy v. Vicon Indus. Inc.,
    2008 U.S. Dist LEXIS 1359 (E.D.N.Y. 2008)..........................................................3, 4, 6

Owens v. Morgan Stanley & Co., Inc.,
    1997 U.S. Dist. LEXIS 10351 (S.D.N.Y. 1997)...........................................................4, 5

Pasqualini v. Mortgageit,
    498 F. Supp.2d 659 (S.D.N.Y. 2007)..............................................................................8

Perry v. Ethan Allen, Inc.,
    115 F.3d 143 (2d Cir. 1997)............................................................................................4

Petrosino v. Bell Atlantic,
    385 F.3d 210 (2d Cir. 2004)............................................................................................2

Prystajko v. Lowe's Home Centers, Inc.,
    2007 U.S. Dist. LEXIS 17431 (W.D.N.Y. 2007) .........................................................3, 6

Richardson v. New York State Dep't of Correctional Serv.,
    180 F.3d 426 (2d Cir. 1999).....................................................................................2, 3, 6

Riscili v. Gibson Guitar Corp.,
    2007 WL 2005555 (S.D.N.Y. 2007)............................................................................4, 6

Schwapp v. Town of Avon,
    118 F.3d 106 (2d Cir. 1997)............................................................................................5

Snell v. Suffolk Co.,
    782 F.2d 1094 (2d Cir. 1986)..........................................................................................5

1564497.2

Tomka v. Seller Corp.,
   66 F.3d 1295 (2d Cir. 1995)..........................................................................................7

Torres v. Pisano,
   116 F.3d 625 (2d Cir. 1997).......................................................................................2, 8

**STATUTES**

42 U.S.C. §1981...................................................................................................................7

N.Y. Workers' Comp. Law §29(6) .....................................................................................8

New York Human Rights Law ...............................................................................1, 2, 4, 6

Title VII of the Civil Rights Act of 1964 ("Title VII") ......................................................... passim

**OTHER AUTHORITIES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure........................................................ passim

1564497.2

## PRELIMINARY STATEMENT

This is a motion by defendants Progressive Casualty Insurance Company ("Progressive"), incorrectly named Progressive Insurance, Inc., and Timothy Fritz ("Fritz") for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing plaintiff John Lueck's Verified Complaint for failure to state a claim upon which relief can be granted. By his Complaint, plaintiff contends that while employed by Progressive, he was subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York Human Rights Law ("NYSHRL") as the result of a single email he received from a co-worker, defendant Fritz. Based on this same incident, plaintiff asserts additional causes of action sounding in negligence and negligent infliction of emotional distress.

As discussed below, plaintiff's complaint should be dismissed because: (1) plaintiff fails to allege misconduct sufficiently severe or pervasive to constitute unlawful sexual harassment under Title VII and the NYSHRL; and (2) plaintiff's negligence claims are barred by New York's Workers' Compensation Law.

## ARGUMENT

In ruling on a motion pursuant to F.R.C.P. Rule 12(b)(6), the Court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570, 127 S. Ct. 1955, 1974 (2007). In other words, to "survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). While the Court, for purposes of a motion to dismiss, must "accept as true the factual allegations made in the complaint and draw all inferences in favor of the pleader," it need not credit "legal conclusions,

deductions or opinions couched as factual allegations." Local 8A-28A Welfare & 401(k) Retirement Funds v. Golden Eagles Arch. Metal Cleaning & Refinishing, 277 F. Supp.2d 291, 293-94 (S.D.N.Y. 2003), quoting Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1988). Documents that are referenced in a complaint and are central to a claim may be considered on a motion to dismiss. Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam), quoting Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). A defendant's motion pursuant to Rule 12(b)(6) should be granted if the Court finds that the plaintiff's allegations of harassment are, as a matter of law, insufficient to support his claim. Conopco, Inc. v. Roll Intern., 231 F.3d 82, 86 (2d Cir. 2000).

### POINT I

**BECAUSE PLAINTIFF HAS NOT ALLEGED MISCONDUCT SUFFICIENTLY SEVERE OR PERVASIVE TO CONSTITUTE AN ACTIONABLE HOSTILE WORK ENVIRONMENT, HIS TITLE VII AND HUMAN RIGHTS LAW CLAIMS SHOULD BE DISMISSED.**

Title VII "makes it unlawful for an employer to discriminate against any individual with respect to the 'compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.'" Richardson v. New York State Dep't of Correctional Serv., 180 F.3d 426, 436 (2d Cir. 1999). However, "Title VII does not establish a 'general civility code' for the American workplace. Simple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." Petrosino v. Bell Atlantic, 385 F.3d 210, 223 (2d Cir. 2004) (citations omitted). Claims asserted under the NYSHRL "are analytically identical to claims brought under Title VII." Torres v. Pisano, 116 F.3d 625, 629, n.1, (2d Cir. 1997).

Here, plaintiff claims that he was the victim of same-sex harassment that created a hostile work environment when he received a single email from a co-worker/team leader, defendant Fritz.  Complaint at ¶¶16 - 23, attached to Laudadio Aff. at Exhibit "A."  In order to establish a claim of hostile work environment discrimination, plaintiff must allege facts demonstrating that:

> The harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.  The plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule and insult that the terms and conditions of [his] employment were thereby altered.  Proving such a claim involves showing objective and subjective elements:  the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the [plaintiff] must also subjectively perceive that environment to be abusive.

Fairbrother v. Morrison, 412 F.3d 39, 48-49 (2d Cir. 2005) (citations and internal quotation marks omitted), *abrogated on other grounds*, Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199 (2d Cir. 2006).  "Whether the environment may be considered sufficiently hostile or abusive to support such a claim is to be measured by the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance."  Prystajko v. Lowe's Home Centers, Inc., 2007 U.S. Dist. LEXIS 17431 (W.D.N.Y. 2007) at *18, citing Harris v. Forklift Sys. Inc., 510 U.S. 17, 23, 114 S. Ct. 367 (1993).

In order for "comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of . . . enmity."  Merhige-Murphy v. Vicon Indus. Inc., 2008 U.S. Dist LEXIS 1359 (E.D.N.Y. 2008) at *8, quoting Richardson, 180 F.3d at 437.  Incidents must be more than "episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."  Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002), quoting

Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997).  Accordingly, "[i]solated acts, unless very serious, do not meet the threshold of severity or pervasiveness."  Id.  When a plaintiff fails to allege conduct that objectively meets the threshold of severity or pervasiveness to establish a hostile work environment, a court should grant defendants' Rule 12(b)(6) motion dismissing plaintiff's Title VII and NYSHRL claims.  Merhige-Murphy, supra; Riscili v. Gibson Guitar Corp., 2007 WL 2005555 (S.D.N.Y. 2007).  Such is the case here.

Neither in his Complaint, nor in his EEOC Charge, has plaintiff alleged conduct that could objectively be considered to have rendered his workplace hostile.  The challenged conduct is comprised of a single email that plaintiff received from his colleague defendant Fritz, on September 4, 2008 which he claims was "sexually offensive."[1]  Complaint at ¶¶ 16 - 23, and Exhibit "A."  A complete copy of the subject email is attached to the Affidavit of Veronica M. Buttavacoli at Exhibit "A."[2]  In sum, the email, carrying the subject line "motorcycle crash" provided as follows:  "Boys, check this out.  Turn up your speakers so you can hear it – be careful as it could happen to you.  Ride safe!"  Attached to the email was a file captioned "motorcycle crash."  When opened, the attachment depicts several pairs of clothed men kissing.  In addition, the attachment includes audio stating "I am watching gay porn."  Buttavacoli Aff. at Exhibit "A."

The case law makes clear that, as a matter of law, the sending of a single email that a recipient may claim to be offensive does not sustain a claim of a hostile work environment.  For example, in Owens v. Morgan Stanley & Co., Inc., 1997 U.S. Dist. LEXIS 10351 (S.D.N.Y.

---

[1] While not material for purposes of this motion, defendants deny that Mr. Fritz was plaintiff's "supervisor."  Rather, Mr. Fritz was a co-worker of plaintiff's and the leader of a network team of which plaintiff was not a member. Defendants also deny that a reasonable juror could find the subject email "offensive" at all, let alone "offensive" such that it could create a hostile work environment.  Buttavacoli Aff. at Exhibit "A."

[2] The Court may properly consider the full contents of the email and attachment with respect to defendants' Rule 12(b)(6) motion because they are incorporated in plaintiff's Complaint and are central to his claims herein.  Intn'l Audiotext Network, Inc., supra.

1997), the court granted defendants' motion under Rule 12(b)(6) dismissing a hostile work environment claim based on the sending of a single insensitive email.  In that case, the court found that plaintiff's allegations surrounding an email "containing racist jokes [and] using the password of a black employee" . . ., "while entirely reprehensible, [could not] form the basis for a claim of hostile work environment."  Id. at *7.  In reaching its decision, the court was guided by long-standing precedent holding that such conduct is merely an isolated incident that does not give rise to a claim of discrimination.  Id., citing Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275 (1998); Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997); DeAngelis v. El Paso Mun. Police Officers Ass'n, 51 F.3d 591 (5th Cir. 1995);  Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1190 (2d Cir. 1987); Snell v. Suffolk Co., 782 F.2d 1094, 1102 (2d Cir. 1986); and Abidekun v. New York City Transit Auth.,  1998 U.S. Dist. LEXIS 8290 (E.D.N.Y. 1998).

Equally analogous is Baer v. Sprint Long Distance, 60 F. Supp.2d 209 (S.D.N.Y. 1999). There, District Judge McMahon held that plaintiff's allegation that she was sent an email containing a pornographic picture was insufficient to establish a claim for sexual harassment. The court held that even accepting this allegation as true, "a single offensive incident is not sufficient to create a hostile work environment, because a single incident does not demonstrate the pervasiveness of discriminatory intimidation, ridicule and insult necessary to alter the conditions of employment."  Id. at 213.

Also on point is Curtis v. Citibank N.A., 1999 U.S. Dist LEXIS 23047 (S.D.N.Y. 1999) where plaintiffs alleged that a racially insensitive email containing a joke about Ebonics adequately supported their claim of a hostile work environment.  The court dismissed their claims, holding that while the email was "undisputably [sic] racist and sexist, as well as being sophomoric and insulting to other ethnic groups," it alone was insufficient to give rise to a

hostile work environment.  Id. at *22.  Also noted was that, like here, plaintiff was not "subjected to the email on a repeated basis, not did it pervade her work environment so as to substantially alter [her] working conditions."  Id. at *23.

As demonstrated by the foregoing, it cannot seriously be argued that Fritz's transmission of a single "sophomoric" email satisfies the threshold for severity and pervasiveness required to objectively establish a hostile or abusive work environment at Progressive.  It was, at worst, an isolated incident that amounts to "offensive, childish or unprofessional behavior, which is not the type of conduct proscribed by Title VII" and the NYSHRL.  Prystajko, 2007 U.S. Dist. LEXIS at *19.

While a particularly extreme single act can meet the required severity threshold, allegations of either physical threats or an actual assault are required in order show that the single act transformed the plaintiff's workplace into a hostile one.  See e.g., Richardson, supra (noting that a single sexual assault may be sufficient to alter the terms and conditions of the victim's workplace); and Howley v. Town of Stratford, 217 F.3d 141, 154 (2d Cir. 2000) (hostile work environment alleged where extreme verbal abuse of a firefighter that challenged her competence was witnessed by a large group including her subordinates, and created a justified fear that she would be left in peril at fire scenes).  Because the "harassment" alleged by plaintiff is a single isolated act that involved neither threats of, nor an actual physical assault, plaintiff has not alleged a viable claim under Title VII or the NYSHRL.  See also Riscili, supra; and Merhige-Murphy, supra.

Plaintiff fails to identify conduct that could objectively be considered to have rendered his workplace "hostile." Consequently, defendants' motion pursuant to F.R.C.P. Rule 12(b)(6) should be granting dismissing plaintiff's first and second causes of action.[3]

## POINT II

**PLAINTIFF'S CLAIM PURSUANT TO 42 U.S.C. §1981 SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT ALLEGE DISCRIMINATION ON THE BASIS OF RACE OR COLOR.**

By his third cause of action, plaintiff alleges that defendants violated 42 U.S.C. §1981. Section 1981 protects against discrimination on the basis of race or color. Choudhury v. Polytechnic Inst. of N.Y., 735 F.2d 38, 42 (2d Cir. 1984). Unlike Title VII, it does not prohibit discrimination on the basis of gender, religion or national origin. Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998). Plaintiff does not allege discrimination on the basis of race or color in either his Complaint or the underlying EEOC Charge. Laudadio Aff. at Exhibit "A." Accordingly, his third cause of action should be dismissed.

## POINT III

**PLAINTIFF'S NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS SHOULD BE DISMISSED AS BARRED BY NEW YORK'S WORKERS' COMPENSATION LAW.**

By his fourth and fifth causes of action, plaintiff alleges that defendant Fritz's conduct in sending the subject email constituted negligence and resulted in negligent infliction of emotional distress. Complaint at ¶¶ 51-62. It is well settled, however, that claims of negligence against an employer or co-worker are barred by the exclusivity provision of New York's Workers' Compensation Law, which provides in relevant part:

---

[3] To the extent plaintiff's claim under Title VII is asserted against Defendant Fritz in his individual capacity, it must also be dismissed because there can be no individual liability pursuant to this statute. Tomka v. Seller Corp., 66 F.3d 1295, 1317 (2d Cir. 1995).

> The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ . . . The limitation of liability of an employer . . . for the injury or death of an employee shall be applicable to another in the same employ . . .

N.Y. Workers' Comp. Law §29(6). The Second Circuit held in Torres, 116 F.3d 625, that the Workers' Compensation Law exclusivity provision bars common law negligence claims asserted on the basis of an alleged hostile work environment because of co-worker harassment. Id. at 640. This same principle has been extended to bar negligent infliction of emotional distress claims in harassment cases. Pasqualini v. Mortgageit, 498 F. Supp.2d 659, 666 (S.D.N.Y. 2007). Accordingly, plaintiff's claims of negligence and negligent infliction of emotional distress are barred by §29(6) of New York's Worker's Compensation Law and should, therefore, be dismissed.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Court dismiss plaintiff's Verified Complaint, and grant them such other and further relief as may be just and proper.

Dated: June 4, 2009                                BOND, SCHOENECK & KING, PLLC

                                        By:     s/ Brian Laudadio
                                                Brian Laudadio
                                                Attorneys for Defendants
                                                345 Woodcliff Drive, Suite 208
                                                Fairport, New York 14450
                                                Tel. (585) 362-4700
                                                Email: blaudadio@bsk.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2009, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

    1.    Michael Cobbs, Esq.

And, I hereby certify that I have mailed the foregoing, by United States Postal Service to the following non-CM/ECF participants:

    1.    N/A

    s/ Brian Laudadio
    Brian Laudadio