```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JOHN LUECK,

                          Plaintiff,          09-CV-6174

              v.                              **DECISION**
                                              **and ORDER**
PROGRESSIVE INSURANCE, INC., TIMOTHY
FRITZ, Individually and In His Official
Capacity,

                          Defendants.
_____
```

## **INTRODUCTION**

Plaintiff John Lueck ("plaintiff") commenced this action against Progressive Insurance Company ("Progressive") incorrectly name Progressive Insurance, Inc. and Timothy Fritz ("Fritz") collectively ("defendants"), seeking damages against defendants for gender based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to e-17 ("Title VII"), and the New York State Executive Law, Human Rights Law §290 et seq. ("NYSHRL"). Specifically, plaintiff claims that he was subjected to a hostile work environment while employed by Progressive as a result of a single e-mail he received from Fritz. In addition, plaintiff also asserts common law causes of action including negligence and negligent infliction of emotional distress based on the same incident.

The defendants move for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that (1) plaintiff has failed to allege misconduct sufficiently severe to constitute unlawful same-sex sexual harassment under Title VII and

the NYSHRL and (2) plaintiff's negligence claims are barred by the New York Worker's Compensation Law. Plaintiff has not opposed defendants' motion. For the reasons set forth below, defendants' motion to dismiss is granted.

## BACKGROUND

Unless otherwise noted, the following facts are taken from plaintiff's Complaint, including documents and attachments incorporated by reference or upon which plaintiff relied in drafting the Complaint. Plaintiff, a male, was employed by Progressive since April 1996 and for the last eight years has held the title of Sr. Claims Investigator. See Complaint ("Comp."), ¶¶12-13. On September 4, 2008, plaintiff received an e-mail from Fritz, a member of Progressive's management team. The e-mail, carrying the subject line "motorcycle crash" provided as follows: "Boys, check this out. Turn up your speakers so you can hear it – be careful as it could happen to you. Ride safe!" See id., ¶¶18-21; see also Affidavit of Veronica M. Buttacavoli ("Buttacavoli Aff."), Ex. A. The attachment to the e-mail was a file that when opened depicts several pairs of clothed men kissing. See Buttacavoli Aff., Ex. A. Moreover, the attachment includes an audio stating "I am watching gay porn." See id. Plaintiff claims he reported the matter to Dennis Charlebois, another member of Progressive's management team, See Comp., ¶24. On September 26, 2008, Veronica M. Buttacavoli, Senior Human Resources Manager, received an e-mail from plaintiff complaining of an e-mail plaintiff received from Fritz on September 4, 2008.

Plaintiff filed a Charge of Discrimination with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC") on October 29, 2008 alleging that he received a sexually offensive e-mail on September 4, 2008 and was subjected to hostile work environment. See Comp., Ex. A. Both the SDHR and the EEOC issued a Dismissal and Notice of Rights on January 12, 2009, dismissing plaintiff's charge and finding that it is unable to conclude that defendant's conduct violated state or federal law. See id., Ex. B. On April 15, 2009, plaintiff commenced the instant action against the defendants by filing the Complaint and alleging that he was the victim of same-sex harassment that created a hostile work environment when he received a single e-mail from defendant Fritz in violation of Title VII and NYSHRL. Plaintiff also alleged a violation of 42 U.S.C. §1981 and asserted claims of common law negligence and negligent infliction of emotional distress. The defendants responded by filing the instant motion to dismiss.

## DISCUSSION

### I. Standard of Review Under Rule 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----,

129 S.Ct. 1937, 1949 (2009) (reversing the Second Circuit's decision in Iqbal v. Hasty, 490 F.3d 143 (2d Cir.2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal citations and quotations omitted).

Examining whether a complaint states a plausible claim for relief is "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint fails to state a claim. Id. The plaintiff's factual allegations, in short, must show that the plaintiff's claim is "plausible," not merely "conceivable." Id. at 1951. In applying the plausibility standard set forth in Twombly and Iqbal, a court "assume[s] the veracity" only of "well-pleaded factual allegations," and draws all reasonable inferences from such allegations in the plaintiff's favor. Id. at 1950. Pleadings that "are no more than conclusions," however, "are not entitled to the assumption of truth." Id.[1]

---

[1] The Court may consider documents and attachments that are referenced in the Complaint, documents and attachments that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002); see also Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir.2002); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir.1991). Here, the Complaint expressly references the September 4, 2008 e-mail with attachment, which is attached to Buttacavoli's affidavit in support of defendants' motion to dismiss. See Buttacavoli Aff., Ex. A. Indeed,

## II. **Hostile Work Environment Claims Under Title VII & NYSHRL**

Defendants move to dismiss plaintiff's complaint on the ground that he has failed to state a claim for employment discrimination.[2] The complaint alleges that plaintiff was the victim of same-sex harassment that created a hostile work environment when he received a single e-mail from a co-worker/team leader, which is in violation of Title VII and NYSHRL.

Title VII forbids an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e-2(a). The Supreme Court has declared that "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult...that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted); see also Mack v. Otis Elevator Co., 326 F.3d 116, 123 (2d Cir.2003). While discrimination on the basis of sexual orientation is not actionable

---

the Complaint is based on the very incident concerning the September 4, 2008 e-mail. The Court finds that the Complaint does incorporate the e-mail and attachment since it relates to the very issue referred to and characterized in various paragraphs of the Complaint. See Complaint, ¶¶ 16-22. Thus, the September 4, 2008 e-mail with attachment is a document plaintiff "either possessed or knew about and...relied [on] in bringing the suit." See Rothman v. Gregor, 220 F.3d 81, 89 (2d Cir.2000) (citations omitted).

[2]Claims brought under the NYSHRL are analyzed under the same standard as those brought under Title VII. See, e.g., Miller Brewing Co. v. St. Div. of Human Rights, 66 N.Y.2d 937 (1985). Plaintiff's NYSHRL and Title VII claims will therefore be addressed simultaneously. See Petrovits v. N.Y. City Transit Auth., 2002 WL 338369, at *3, n. 6 (S.D.N.Y.2002).

under Title VII, Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir.2000), same-sex sexual harassment is, Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79 (1998) ("[N]othing in Title VII necessarily bars a claim of discrimination 'because of...sex' merely because...plaintiff and...defendant...are of the same sex").

In order to make out a prima facie case, a plaintiff alleging that his employer violated Title VII by creating a hostile work environment must show "[1] that the harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir.2002) (internal quotation marks and citation omitted). The incidents of which a plaintiff complains "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Carrero v. New York City Housing Auth., 890 F.2d 569, 578 (2d Cir.1989). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) (internal quotation marks and citation omitted).

The required showing "has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must

also subjectively perceive that environment to be abusive." <u>Alfano</u>, 294 F.3d at 374 (quoting <u>Harris</u>, 510 U.S. at 21). "Mere utterance of an...epithet which engenders offensive feelings in an employee would not affect the conditions of employment to sufficiently significant degree to violate Title VII." <u>See</u> <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 67 (1986). In order for "comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of...enmity. Isolated incidents or episodic conduct will not support a hostile work environment claim." <u>Richardson v. NY State Dep't of Correctional Serv.</u>, 180 F.3d 426, 437 (2d Cir.1999). Furthermore, the conduct at issue cannot be "merely tinged with offensive sexual connotations, but [must] actually constitute[] discrimination because of sex." <u>Oncale</u>, 523 U.S. at 79. Whether the environment may be considered sufficiently hostile to support such a claim is to be measured by the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance. <u>See</u> <u>Harris</u> 510 U.S. at 23.

The case law makes clear that the sending of a single offensive e-mail does not create a hostile work environment. In <u>Owens v. Morgan Stanley & Co., Inc.</u>, 1997 WL 403454 (S.D.N.Y.1997), the Court dismissed a hostile work environment claim based on the sending of a

single insensitive e-mail. In that case, the District Judge found that "as a matter of law [the sending of a single offensive e-mail], while entirely reprehensible, cannot form the basis for a claim of hostile work environment." Id. at *2; see also Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (isolated or sporadic comments do not support a claim of hostile work environment); Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir.1997) ("utterance of an...epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII") (quoting Harris, 510 U.S. at 23). Given the clear and unambiguous teaching of the precedent on the issue, the court concludes as a matter of law that a hostile environment was not created here.

Plaintiff's hostile work environment claim is based on one isolated e-mail sent by Fritz. The Complaint alleges that plaintiff received an e-mail from Fritz, carrying the subject line "motorcycle crash" provided as follows: "Boys, check this out. Turn up your speakers so you can hear it – be careful as it could happen to you. Ride safe!" See id., ¶¶18-21; see also Buttacavoli Aff., Ex. A. The attachment to the e-mail was a file that when opened depicts several pairs of clothed and partially clothed men kissing. See Buttacavoli Aff., Ex. A. In addition, the attachment includes an audio stating "I am watching gay porn." These allegations are insufficient to state a claim that plaintiff's workplace was "permeated with discriminatory

intimidation...sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Harris, 510 U.S. at 21; see also Raum v. Laidlaw Ltd., 1999 WL 248157 (2d Cir.1999); Merhige-Murphy v. Vicon Indus. Inc., 2008 WL 111163 (E.D.N.Y.2008). Plaintiff fails to identify conduct that could objectively be considered to have rendered his workplace "hostile." Thus, defendants' motion to dismiss plaintiff's hostile work environment claims (first and second causes of action) are granted.

### III. **Plaintiff's Section 1981 Cause of Action**

Plaintiff's third cause of action alleges that defendants violated 42 U.S.C. §1981. Both the Supreme Court and the Second Circuit have considered §1981 to protect primarily against racial discrimination. See Keating v. Carey, 706 F.2d 377, 384 (2d Cir.1983) ("[A]lthough the courts have not limited the statute's proscription of racial discrimination by employing a 'technical or restrictive meaning' of 'race,' neither have they strayed far from a racial discrimination analogy.") (internal citation omitted)); see also Polytechnic Inst. of N.Y., 735 F.2d 38, 42 (2d Cir.1984) (§1981 protects against discrimination on the basis or race or color). Unlike Title VII, §1981 does not prohibit discrimination on the basis of gender, religion or national origin. See Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir.1998). Here, plaintiff does not allege discrimination on the basis or race or color in either his Complaint or the underlying EEOC Charge. The only claim that plaintiff asserts is same-sex harassment that created a hostile work environment.

Therefore, defendants' motion to dismiss plaintiff's third cause of action is granted.

### IV. **<u>Plaintiff's Negligence and Negligent Infliction of Emotional Distress Claims</u>**

Plaintiff's fourth and fifth causes of action allege that defendant Fritz's conduct in sending the September 4, 2008 e-mail constituted negligence and resulted in negligent infliction of emotional distress. <u>See</u> Comp., ¶¶51-62. Even if the Complaint adequately alleged these causes of action, it still must fail because the New York Workers' Compensation Law "is the exclusive remedy to an employee...when such employee is injured...by the negligence or wrong of another in the same employ." <u>See</u> N.Y. Workers' Comp. Law §29(6) (McKinney 2009); <u>see</u> <u>also</u> <u>Torres v. Pisano</u>, 116 F.2d 625, 640 (1997) (affirming dismissal of common law negligence claims asserted on the basis of an alleged hostile work environment as barred by New York's Workers' Compensation Law). In <u>Pasqualini v. MortgageIT, Inc.</u>, 498 F.Supp.2d 659, 666 (S.D.N.Y.2007), the Court held that a plaintiff may not bring a negligent infliction of emotional distress claim against her employer, as the exclusivity provision of the Worker's Compensation Law bars the action. Accordingly, plaintiff's claims pled in terms of negligence are clearly barred. Therefore, defendants' motion to dismiss plaintiff's fourth and fifth causes of action are granted and the Court dismisses plaintiff's claims of negligence and negligent infliction of emotional distress as barred by §29(6) of New York Workers' Compensation Law.

## **CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss is granted and plaintiff's Complaint is dismissed in its entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                         s/Michael A. Telesca
                                           MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
             October 19, 2009